Filed 10/13/20  P. v. Montes CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058526 |
| v. | (Super. Ct. No. 97CF0404) |
| JUAN ALEXANDER MONTES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Steve Oetting and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Recently, Justice Arthur Gilbert reminded us, "A Court of Appeal opinion is an explanation for a decision. In most cases the opinion should contain only the necessary facts and law to support the issue or issues to be decided. To aid the litigants, their attorneys, and the public, the opinion should be concise, readable, and filed with reasonable dispatch. Generally, the opinion should not mimic law review articles." (*People v. Valdes* (2020) 53 Cal.App.5th 953, 954-955.) With that sound advice in mind, we turn to the present controversy.

In 1998, appellant Juan Alexander Montes was convicted of attempted murder and other crimes for aiding and abetting the shooting of a rival gang member. On appeal, we affirmed the judgment, which has long since become final. (See *People v. Montes* (1999) 74 Cal.App.4th 1050.)

Following the passage of Senate Bill No. 1437 (SB 1437) in 2018, appellant petitioned to vacate his conviction for attempted murder and to be resentenced pursuant to Penal Code section 1170.95.[1] SB 1437 restricted the scope of liability for aiders and abettors. However, per its terms, the measure, as codified in section 1170.95, applies only to those defendants who were "convicted of first degree or second degree murder[.]" (§ 1170.95, subd. (a).) Because appellant was convicted of *attempted* murder, not murder, the trial court summarily denied his petition.

In challenging that ruling, appellant admits his attempted murder conviction falls outside the express terms of SB 1437 and section 1170.95. But he claims he is entitled to resentencing as a matter of equal protection and in light of decisional authority extending the remedial benefits of ameliorative sentencing provisions to lesser included offenses. We disagree.

As to whether SB 1437 applies to attempted murder trials going forward and to attempted murder convictions that are not yet final for purposes of direct review,

---

[1] All further statutory references are to the Penal Code.

2

the Courts of Appeal have reached differing conclusions. (Compare *People v. Larios* (2019) 42 Cal.App.5th 956, 964-968 (*Larios*), rev. granted Feb. 26, 2020, S259983 [does apply]; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1012-1016 (*Medrano*), rev. granted Mar. 11, 2020, S259948 [does apply] with *People v. Dennis* (2020) 47 Cal.App.5th 838, 846, rev. granted July 29, 2020, S262184 [does not apply]; *People v. Munoz* (2019) 39 Cal.App.5th 738, 753-760 (*Munoz*), rev. granted Nov. 26, 2019, S258234 [does not apply]; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1103-1105, rev. granted Nov. 13, 2019, S258175 [does not apply].) The California Supreme Court is currently considering and ultimately will have the last word on that issue.

However, even those courts that have extended SB 1437 in that context have concluded the bill does not apply to attempted murder convictions that are already final. (*Larios, supra,* 42 Cal.App.5th at pp. 968-970; *Medrano, supra,* 42 Cal.App.5th at pp. 1016-1018.) As these courts have pointed out, the plain language and legislative history of SB 1437 and section 1170.95 support this conclusion, and it makes sense from a doctrinal and fiscal standpoint, as well. (*Ibid*.; see also *Munoz, supra*, 39 Cal.App.5th at pp. 758-766 [explaining why neither equal protection principles nor decisional authority support the view that SB 1437 applies to convictions for attempted murder].) Therefore, we join these courts in holding attempted murderers cannot avail themselves of the benefits of SB 1437 if their convictions are already final. Because appellant's attempted murder conviction was final when he petitioned for relief under SB 1437 and section 1170.95, the trial court properly denied his petition.

DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.